**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONI 2, INC., | ) | CASE NO. 1:15CV307 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| SAFEGUARD PROPERTIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #21) of Defendant Safeguard Properties Management**,** LLC for Partial Summary Judgment. For the following reasons, the Motion is granted in part and denied in part.

**I. FACTUAL BACKGROUND**

Moni 2 is a minority-owned and female-owned company that provides residential property preservation and construction services. From 2011 until August of 2014, Moni 2 performed, on an as-needed basis, repair and construction services for residential properties in the Detroit, Michigan metropolitan area as a vendor for Safeguard.

At its clients' request, Safeguard would issue written work orders to Moni 2 for general work or hazard claim repairs to specific residential properties.  Each work order would be assigned a number and would include a scope of work to be performed, a time frame for completion and a designated price per the specifications of an insurance adjuster.  Moni 2 would review the written offer and would accept the offer, conditionally accept with a request for a price increase or decline the offer.  When Moni 2 did the work, Moni 2 would take photographs and upload them to Safeguard's website portal for confirmation of completion of the project.

According to Moni 2, Safeguard was obligated to fully pay the contract price within forty-five (45) days after completion of each project.  (Complaint, ECF DKT #1 at ¶12).  Safeguard denies that obligation.  (Answer, ECF DKT #7 at ¶12).

Because hazard claim repairs involved insurance, Safeguard states that Moni 2 would be paid with two separate checks.  The initial payment would reflect a prorated amount of the claim settlement.  Final payment (recoverable depreciation payment, "RDP") would be issued under a separate work order once the independent insurance adjuster verified that the job was satisfactorily completed.

Throughout their four-year business relationship, Moni 2 performed work on more than 100 residential projects.  However, Moni 2 claims that Safeguard failed to pay the amounts due under their contracts.  On February 17, 2015, Moni 2 filed the instant lawsuit seeking $397,972.98 for Breach of Contract and Quantum Meruit/ Unjust Enrichment.

During the course of the lawsuit and through the exchange of discovery, Moni 2 confirmed that some payments were tendered to Moni 2, albeit under different and unfamiliar

work order numbers.  The parties now agree that forty-six work orders remain in dispute and that the dollar amount in dispute has been reduced to $60,704.22.

Safeguard moves for partial summary judgment, arguing that the disputed work orders have been paid in full (at the original or adjusted price); although Safeguard admits owing Moni 2 a total of $493.29 on the following work orders: #95588475: $50; #122938530: $142.94; #136370980: $300.33; and #140696831: $.02.

In opposition, Moni 2 argues that Safeguard's payment on certain work orders was "delayed," i.e., past the 45-day deadline; and the Court must perform a "secondary analysis" of the amount of interest due and owing on the late payments.

Moni 2 also objects to Safeguard's unilateral adjustment of payments for work allegedly not performed, inadequately performed or not timely performed.  Moni 2 asserts that the Court must adjudicate the level, quality and completion of its construction services.

According to the Affidavit of Maurice Hagood, who operates Moni 2 with his wife, and who performed a majority of the construction rehabilitation services for Safeguard, Moni 2 was asked by Brandy at Safeguard to install a bathroom at the property located at 6743 Covert.  That additional work was not part of work order #88556304 and increased the cost by $6,000, which Safeguard has failed to pay. (Hagood Affidavit, ECF DKT #26-1 at ¶12).

Finally, Moni 2 contends that the concept of RDP's was raised for the first time during this lawsuit:  "The concept of RDPs was never explained to Moni 2 when it entered into its Safeguard vendor arrangement back in 2011.  Nor was the concept of RDPs incorporated into the terms associated with Moni 2 providing construction rehabilitation services for Safeguard." (Hagood Affidavit, ECF DKT #26-1 at ¶10).

In support of its Motion for Partial Summary Judgment, Safeguard offers the Affidavit of Steve Meyer, Assistant Vice President of High Risk and Hazard Claims at Safeguard. (ECF DKT #21-3). Meyer provides an analysis of the forty-six disputed work orders, based upon his review of invoices, actual work orders, work order updates, communications between Safeguard and Moni 2, copies of canceled checks, remittance texts and a spreadsheet prepared by Safeguard's Accounting Department with regard to every check sent to Moni 2 by Safeguard from June 11, 2011 through February 9, 2015. All of Safeguard's underlying documentation is submitted as Exhibit 1 (ECF DKT #21-4) and *SEALED* Exhibits 2 and 3 (*SEALED* ECF DKT #22 & #23). Safeguard's Accounting Spreadsheet (*SEALED* ECF DKT #24) is authenticated by Debbie Marvinney, Team Lead, Contractor Payables of the Accounting Department at Safeguard (ECF DKT #21-5). Marvinney compiled the figures from records kept in the ordinary course of business, reflecting posting dates, clearing dates, check numbers, specific amounts paid with each check by Safeguard to Moni 2 for the identified work number, prepay (draw) check numbers and prepay check dates.

Moni 2 offers the Affidavit of Maurice Hagood (ECF DKT #26-1). Hagood performed a majority of the construction work at issue here and received and corresponded with Safeguard directly on issued work orders. He attests to "direct, first-hand knowledge of the work orders involved in this litigation and Moni 2's claims for money due and owing against Safeguard." (*Id*. at ¶3). Hagood references Moni 2's Spreadsheet (ECF DKT #26-3), which identifies, itemizes and describes the Outstanding Balance of $60,704.22 due and owing from Safeguard. However, Hagood does not attest that he prepared the spreadsheet nor does he explain how the figures were compiled.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### Breach of Contract

Under Ohio law, "a breach of contract occurs when (1) a party demonstrates the existence of a binding contract or agreement; (2) the non-breaching party performed its contractual obligations; (3) the other party failed to fulfill its contractual obligations without legal excuse; and (4) the non-breaching party suffered damages as a result of the breach." *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App. 3d 95, 108, 661 N.E.2d 218 (Ohio Ct. App. 1995) (citing *Nat'l City Bank v. Erksine & Sons*, 158 Ohio St. 450, 110 N.E.2d 598 (Ohio 1953)); see also *Walker v. Rent-a-Center*, N.D. Ohio Case No. 5:06-CV-1232, 2007 U.S. Dist. LEXIS 77967 (N.D. Ohio 2007).

### Unjust Enrichment

Three elements must be demonstrated to succeed on an unjust enrichment claim: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179, 183 (1984); see *Liberty Mut. Ins. Co. v. Industrial Comm'n of Ohio*, 40

Ohio St. 3d 109 (1988); *Ed Stinn Chevrolet, Inc. v. National City Bank*, 28 Ohio St. 3d 221 (1986). An express or implied in-fact contract bars a claim for unjust enrichment. *Wild-Fire Inc. v. Laughlin* (Mar. 9, 2001), Clark App. No. 2000 CA 51, 2201 Ohio App. LEXIS 976. See also, *Hughes v. Oberholzer*, 162 Ohio St. 330, 335 (1954)("an express contract and an implied contract cannot exist for the same thing at the same time").

**Quantum Meruit**

Quantum meruit is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered. *Fox & Associates Co., L.P.A. v. Purdon*, 44 Ohio St.3d 69 (1989). Under the quantum meruit theory of recovery, a party may recover the reasonable value of services rendered ***in the absence of an express contract*** if denying such recovery would unjustly enrich the opposing party. *Legros v. Tarr*, 44 Ohio St. 3d 1 (1989).

**45-Day Deadline**

Moni 2 argues that while Safeguard paid on certain work orders, the payment was made outside of the payment deadline – that is, more than forty-five days after completion of the work. Moni 2 alleges the existence of this payment deadline in its Complaint at ¶12, but does not submit any work orders or invoices containing this time provision. The Court has reviewed the documentation submitted by Safeguard for each disputed work order and is unable to find any reference to a 45-day time period for payment. The Court does not have the obligation to search the record for issues of material fact. *Betkerur, supra*. Rather, Moni 2 has the burden of showing that Safeguard's payments were late and that interest is due on such untimely payments. Moni 2 has failed to produce admissible evidence to support the

contention that Safeguard breached the contract by failing to pay in a timely manner.

**Recoverable Depreciation Payments ("RDP's)**

Moni 2 asserts that there are genuine issues of fact as to the concept of RDP's. Hagood attests that Safeguard raised RDP's for the first time in the course of this lawsuit and that they were never explained nor incorporated into the terms of the parties' construction agreements.

The Court finds that there is no genuine issue of fact.  In Meyer's Affidavit, he describes each of the forty-six disputed work orders and directs the Court to the language of the work orders, invoices and associated text/email messages.  As an example, work order #88556304 contains the following:

> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*SPECIAL NOTE\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> You will only be paid your normal discounted amount of the ACV funds. Once the recoverable is received you will be paid the balance. This is to insure all repairs are completed to scope.

Further, in work order #136511317, the language reads:

> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*SPECIAL NOTE\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> Insurance funds are issued at two separate times as they relate to these damages. The initial payment (ACV) has been received, and the remainder (Recoverable Depreciation) will be issued once the carrier confirms completion of the repairs.
>
> Your initial payment under this order will reflect a pro rated amount of the ACV claim settlement.  Final payment will be issued under a separate work order once the insurance carrier acknowledges they are satisfied with repairs, and are releasing recoverable depreciation.

After painstaking review of the evidence in the record, the Court determines that each work order at issue contains some variation of the RDP language; and the accompanying

remittance emails/texts inform Moni 2 that payment would be made in two separate checks under separate order numbers.  Moni 2 offers no countervailing evidence.  Therefore, Moni 2 has not met its burden of demonstrating a genuine issue to defeat summary judgment.

**Adjustments**

Moni 2 objects to Safeguard's unilateral reduction of payments.  Moni 2 lists fifteen work order numbers, and contends, in those instances, that genuine issues of material fact exist regarding Safeguard's claim of incomplete or unperformed services as grounds for nonpayment.

Safeguard provides the Court with documentation of the contested work orders, including the fifteen orders that Moni 2 highlights.  (ECF DKT #23 *SEALED*).  In each of the fifteen individual instances, the basis for the adjustment is given in writing to Moni 2.  Moreover, Moni 2 is offered a means of disputing any adjusted payment amount by contacting Safeguard at an email address provided.  Although Moni 2 repeatedly insists that it produced over 76,000 documents in discovery, Moni 2 offers none of this documentary evidence to the Court to challenge the legitimacy of the adjusted/reduced payments.

**Work Order #88556304**

With respect to this project, Hagood attests that an individual at Safeguard (Brandy) asked Moni 2 to install a bathroom at the property located at 6743 Covert.  (Hagood Affidavit, ECF DKT #26-1 at ¶12).  This request was in addition to the repairs originally invoiced.  Moni 2 argues that the work was performed and that $6,000 remains due and owing.

Safeguard counters that payment was made in the approved amount of $3,595 and that

Safeguard's records show no additional work or payments were authorized.

There is no express written contract for the construction and installation of a bathroom at this residential property; but Moni 2 has sworn evidence that the work was done and compensation was not received.  The Court finds that there is an issue of fact as to whether Moni 2 is entitled to recover under quantum meruit.

**Safeguard's Acknowledgments**

Safeguard admits that it owes Moni 2 on work order #95588475; work order #122938530; work order #136370980; and work order #140696831; so, summary judgment is denied as to those disputed claims.

### III. CONCLUSION

Therefore, for these reasons, the Motion (ECF DKT #21) of Defendant Safeguard Properties Management**,** LLC for Partial Summary Judgment is granted in part and denied in part.  Genuine issues of material fact remain and judgment is denied as to Moni 2's claims under the following work orders:  #88556304, #95588475, #122938530, #136370980 and #140696831.  Safeguard is entitled to summary judgment as to all the remaining forty-one work orders.

**IT IS SO ORDERED.**

                                              s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**

**Dated:  September 14, 2016**